# United States District Court
## for the Northern District of Oklahoma

Case No. 22-cv-365-JDR-JFJ

COURTNEY GOFF,

*Plaintiff*,

*versus*

BOKF, NA,

*Defendant*.

## OPINION AND ORDER

Plaintiff Courtney Goff sued her former employer, BOKF, NA for allegedly violating Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act. Dkt. 2. This Court entered summary judgment in favor of BOKF, and Ms. Goff timely appealed. Dkts. 81, 83. While the appeal was pending, Ms. Goff moved to vacate the order, arguing that she was not "made fully aware of the summary judgment process" and that her attorney, Amber Hurst, filed a response to BOKF's motion for summary judgment without Ms. Goff's involvement. Dkt. 95 at 4. This Court could not provide substantive relief while the case was on appeal, but it indicated that, if the case were remanded, it would hold an evidentiary hearing to determine whether Ms. Hurst had filed an unauthorized brief. Dkt. 102 at 2-3.[1] The Court of Appeals granted a limited remand, and this Court conducted an evidentiary hearing on that question. Based on the evidence presented at the

---

[1] The Court previously indicated that it would reject Ms. Goff's claims for relief under Rule 60(b)(2) and (3) on remand. The Court does so now for the reasons set forth in the prior order. Dkt. 102.

No. 22-cv-365

hearing, the Court concludes that (1) Ms. Goff was informed of both BOKF's motion and the response filed by Ms. Hurst, (2) Ms. Hurst had authority to file the response to BOKF's motion for summary judgment, and (3) Ms. Goff is not entitled to relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure.

The Court finds that Ms. Goff was informed of both BOKF's motion for summary judgment and the response filed on her behalf. During the hearing, Ms. Hurst testified that she notified Ms. Goff of BOKF's motion and advised Ms. Goff that she would be in contact if she needed any assistance while preparing the response. Although Ms. Hurst acknowledged that she did not initially send Ms. Goff a copy of the motion, she explained that Ms. Goff did not want to be copied on all documents submitted by BOKF. According to Ms. Hurst, Ms. Goff would become stressed or upset when reading characterizations that were unfavorable to her. This testimony is supported by an email indicating that Ms. Goff deleted her copy of this Court's order granting summary judgment "to avoid reading it [and] getting upset." Defs.' Ex. 11.

Ultimately, Ms. Hurst did not need Ms. Goff's assistance with the response brief because the arguments she made were based on evidence that had already been developed and discussed with Ms. Goff. *See* Defs.' Ex. 24 at 13-28 (reflecting numerous phone calls between Ms. Goff's phone number and her attorney's office in the seven months preceding the filing of the parties' motions for summary judgment). Ms. Hurst represented that, although she did not send Ms. Goff a copy of the response brief prior to filing it,[2] she advised Ms. Goff of the contents of the response and notified her that it had been filed. This representation is corroborated by evidence of a forty-minute call placed on January 10, 2024, the day after the response was filed. *See* Defs.'

---

[2] Ms. Hurst testified that she provided Ms. Goff with a copy of the brief when Ms. Goff asked for it in 2025, and that she would have provided a copy earlier if Ms. Goff had asked for one. She represented that Ms. Goff did not ask for a copy of the brief until the Court granted BOKF's motion.

No. 22-cv-365

Ex. 24 at 11. The Court credits Ms. Hurst's testimony, which is corroborated in part by documentary evidence and is not contradicted by any testimony of record.[3] Based on Ms. Hurst's testimony and the other evidence presented at the hearing, the Court finds that Ms. Hurst told Ms. Goff that BOKF filed a motion for summary judgment, advised her of BOKF's arguments, and provided her with information about the responsive arguments made on her behalf. The Court further finds, based on the evidence presented at the hearing, that on January 10, 2024, Ms. Goff was aware of the response brief filed on her behalf, but she did not request a copy of that brief until after the Court entered its order on March 31, 2025.

Next, the Court holds that Ms. Hurst had actual authority to file the response brief. The contract between Ms. Goff and her counsel authorized (and indeed required) Ms. Hurst and her colleagues to diligently prepare Ms. Goff's case. Plf's. Ex. 1; *see Elam v. Town of Luther*, 1990 OK CIV APP 7, ¶ 6, 787 P.2d 1294, 1296 (recognizing that agents act within the scope of their authority when they engage "in the transaction of business assigned" or do "that which may reasonably be said to have been contemplated as part of [their] duties"). That authority necessarily encompassed the preparation and filing of a response to BOKF's dispositive motion, work that was *essential* to the preservation of Ms. Goff's claims. Any attorney would reasonably contemplate that work to be part of her duties as a party's legal representative. *Id.*; *see State ex rel. Oklahoma Bar Ass'n v. Hulett*, 2008 OK 38, ¶ 17 n.16, 183 P.3d 1014, 1019 (disciplining attorney that "failed to respond to a motion for summary judgment," resulting in harm to his client).

Although an agent's authority can be curtailed by a principal, Ms. Goff did not present evidence that Ms. Hurst's authority was limited in any way. *See Consol. Flour Mills Co. v. Roberts*, 1926 OK 429, ¶ 12, 123 Okla. 101, 252 P. 29, 32 (recognizing that the scope of an agent's authority may be limited by

---

[3] Ms. Goff did not testify on her own behalf.

3

No. 22-cv-365

instructions and other limitations placed on the agent by the principal). Ms. Goff did not present evidence that she required all filings to be provided to her or all briefs to be submitted for review prior to filing. Nor did she present evidence that Ms. Hurst understood that she could only file documents with Ms. Goff's prior approval.[4] To the contrary, the evidence presented at the hearing demonstrates that Ms. Goff asked Ms. Hurst *not* to provide her with all of the documents concerning her case, typically communicated with Ms. Hurst over the phone, and did not object to Ms. Hurst's practice of providing verbal updates and notifications concerning significant developments in her case. Although Ms. Goff was aware that Ms. Hurst had filed a response to BOKF's motion for summary judgment in January 2024, she did not ask to see that brief until the Court granted BOKF's motion a year later. The Court concludes that Ms. Goff authorized Ms. Hurst to communicate with her by phone; provide verbal summaries of case developments; and file documents on Ms. Goff's behalf without submitting them to Ms. Goff first. Ms. Hurst's actions fell within the scope of that authority.

Finally, the Court concludes that Ms. Goff is not entitled to relief under Rule 60(b)(1), which authorizes relief from judgment resulting from "excusable neglect." *See Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005). To begin, the Court notes that there was no "neglect" here. The brief filed by Ms. Hurst was authorized, appropriate, and filed with Ms. Goff's knowledge. But even if that filing were unauthorized, Ms. Goff would not be entitled to relief under Rule 60(b)(1) because she failed to timely address the purportedly unauthorized filing.

---

[4] The contract did indicate that Ms. Goff would be advised of the progress of and actions in her lawsuit and that this would "*often* be done by sending [her] copies of correspondence" with opposing counsel. Plf's. Ex. 1 (emphasis added). But the contract did not require that *all* correspondence and briefs be forwarded to Ms. Goff, nor did it require that Ms. Goff approve all briefs prior to filing. The agreement did not curtail counsel's authority to file briefs or condition that authority upon Ms. Goff's approval and participation in the briefing process.

4

No. 22-cv-365

The question of whether neglect is "excusable" under Rule 60(b)(1) is an equitable one that considers all relevant circumstances, including the risk of prejudice to the opposing party, the impact of any delay on the judical proceedings, the reason for the neglect, and the moving party's responsibility for the neglect. *Id.* Each of these factors weigh against the relief Ms. Goff requests. First, if the Court were to vacate its order and judgment, BOKF would be significantly prejudiced. Instead of proceeding with the pending appeal, BOKF would be forced to relitigate issues submitted for this Court's consideration over two years ago. Second, vacating the Court's order would have a detrimental impact on the pending proceedings, as doing so would delay the resolution of this four-year-old case and render useless the work done by this Court, the parties, and counsel on BOKF's original motion for summary judgment and the resulting appeal.

Significantly, the prejudice to BOKF would have been alleviated—and the impact on these proceedings would have been negated—if Ms. Goff had promptly brought her concerns about the (allegedly) unauthorized brief to this Court's attention in January 2024. But Ms. Goff did not do so. She did not raise any concerns about her response brief until August 2025—more than eighteen months after the purportedly unauthorized brief was filed, seventeen months after BOKF responded to it, and four months after the Court ruled on BOKF's motion. Thus, even if Ms. Goff were correct in her contention that Ms. Hurst filed an authorized brief (and the Court has found she did not), her neglect in failing to bring that contention to this Court cannot be excused. Ms. Goff's failure to timely present her concern to this Court weighs heavily against an award of relief under Rule 60(b)(1). *See Id.* (noting that a party's fault in the delay is a significant factor in determining whether a party is entitled to relief for excusable neglect).

Had Ms. Goff raised her concerns in a timely fashion, the Court could have considered those concerns and ordered supplemental briefing prior to resolving the parties' motions for summary judgment. The fact that Ms. Goff

5

No. 22-cv-365

did not raise this issue until she received an adverse ruling suggests that her motion to vacate is not a good-faith attempt to address an unauthorized filing, but an attempt to obtain a mulligan. Although the Court stops short of finding that Ms. Goff filed her motion to vacate in bad faith,[5] the Court concludes that that Ms. Goff had a reasonable opportunity to raise her concerns about the purportedly unauthorized filing at a time when the delay and resulting prejudice could be minimized. Because she failed to take advantage of that opportunity, she is primarily responsible for the delay and prejudice that would result if her motion were granted. The delay to these proceedings, the prejudice to BOKF, and Ms. Goff's responsibility for both all weigh against Ms. Goff's request for a do-over. Her motion to vacate is therefore denied.

DATED this 10th day of July 2025.

JOHN D. RUSSELL
*United States District Judge*

---

[5] The Court notes that Ms. Goff sent a series of emails to Ms. Hurst in May 2025 regarding the entry of summary judgment in BOKF's favor. *See* Defs.' Exs. 12-19. Although Ms. Goff referenced both BOKF's motion and the arguments made in response to that motion in those emails, she did not advise Ms. Hurst of her position that the response brief was unauthorized. The Court finds it difficult to believe that a client who discovered that an unauthorized brief had been filed would not immediately address the issue in correspondence with her counsel concerning that brief. Ms. Goff's contention that she never authorized the response brief strains credulity when viewed in light of Ms. Goff's failure to raise the question of Ms. Hurst's authority until after the attorney-client relationship had broken down and Ms. Goff had discovered that she could introduce new arguments and evidence if she asked for, and received, a new trial. *See* Defs.' Ex. 16.